UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JENNIFER ELLIOTT,

                Plaintiff,

-against-

PENTAGROUP FINANCIAL, LLC,

                Defendant.
-----------------------------------------------------------------

Civil Action No.:

**12 CV** **COMPLAINT** 8727

**DEMAND FOR JURY TRIAL**

**JUDGE RAMOS**

Plaintiff JENNIFER ELLIOTT ("Plaintiff"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendant PENTAGROUP FINANCIAL, LLC ("Defendant" and/or "PENTAGROUP"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), 47 U.S.C. § 227, Telephone Consumer Protection Act ("TCPA"), and New York General Business Law §349.

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 2 Gail Drive, Apt 2C, Nyack, NY 10960-1727.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

4. Defendant PENTAGROUP is a business entity engaged in business of collecting debts with a place of business located at 5959 Corporate Dr., Suite 1400, Houston, TX 77036-2311.

5. PENTAGROUP is a "debt collector" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

7. The Court has supplemental jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL ALLEGATIONS

9. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "8" herein with the same force and effect as if the same were set forth at length herein.

10. On information and belief, on a date better known to the Defendant, TOYOTA FINANCIAL SERVICES ("TOYOTA"), either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to PENTAGROUP for collection ("the alleged debt").

11. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Upon information and belief, at some time during the past one year prior to the filing of this action, Defendant began its attempts at collecting the alleged debt from Plaintiff.

13. In or about August and/or September 2012, Defendant placed telephone calls to Plaintiff.

14. Defendant placed telephone calls to Plaintiff's cellular telephone.

15. According to Defendant, the alleged debt was incurred in opened in 2008.

16. Plaintiff's cellular telephone number is new and recently obtained.

17. Plaintiff did not provide Defendant or TOYOTA with her new and recently obtained telephone number.

18. Plaintiff did not provide Defendant or TOYOTA with prior express consent to place calls to her cellular telephone number.

19. Defendant utilized an autodialer and/or prerecorded messages in attempts to contact Plaintiff.

20. On or about August 6, 2012, Defendant caused a collection or "dunning" letter to be sent to Plaintiff via U.S. mail ("first letter").

21. Defendant's first letter contains a § 1692g 30-day validation and dispute notice.

22. Defendant's first letter provides Plaintiff thirty (30) days from the receipt of the first letter to dispute and/or request validation of the alleged debt.

23. Upon information and belief, the first letter is the initial communication between Plaintiff and Defendant.

24. Defendant must not overshadow and/or "trump" the 30 day dispute and debt verification and validation period.

25. Defendant's first letter demands a balance due of $6,216.86.

26. The first letter does not contain any offers and/or reduced settlement amounts.

27. On or about August 27, 2012, Plaintiff and Defendant, through its debt collector "Josh" spoke on the telephone.

28. Plaintiff asked Defendant if the alleged debt was on her credit report.

29. Defendant responded in the affirmative.

30. Defendant misrepresented the content of the first letter.

31. Defendant misrepresented the content of the first letter by claiming that the first letter was validation of the alleged debt when in fact that is false.

32. Defendant misrepresented the content of the first letter by claiming that the first letter contained an offer and/or a reduced settlement amount.

33. Defendant falsely advised Plaintiff that Plaintiff has thirty (30) days from the date of the first letter to resolve the alleged debt.

34. Defendant falsely advised Plaintiff that Plaintiff has thirty (30) days from the date of the first letter to accept an offer and/or a reduced settlement amount.

35. Defendant threatened Plaintiff that if the alleged debt is not paid that Defendant would advise TOYOTA that Plaintiff has "flatly refused" to pay.

36. Defendant threatened Plaintiff that if the alleged debt is not paid that the alleged debt would "double" in cost if "pursued further".

37. Defendant advised Plaintiff that the extra $6,000.00 is added due to Plaintiff's paying TOYOTA'S attorney's fees, court costs and other litigation costs "based on the contract".

38. Plaintiff asked Defendant to provide Plaintiff with a copy of the contract she signed with TOYOTA showing that Plaintiff is obligated to the alleged debt.

39. Defendant admitted that Defendant does not have a copy of the contract Plaintiff signed.

40. Defendant responded that Plaintiff "should have a copy of the contract already".

41. Defendant admitted that Defendant is basing its contract claims against Plaintiff on "general stipulations in Toyota contracts" rather than the terms contained in the copy of the contract Plaintiff allegedly signed.

42. Plaintiff asked Defendant to provide Plaintiff with a copy of the documentation from the auction of the vehicle.

43. Defendant admitted that Defendant does not and will not obtain this documentation.

44. Defendant advised Plaintiff that the charge off amount of the alleged debt was $5,277.64 but could not explain and/or account for the difference between the charge off amount and Defendant's demand of $6,216.86.

45. Plaintiff again asked Defendant for validation of the alleged debt, including a copy of the contract she signed with TOYOTA showing that Plaintiff is obligated to the alleged debt.

46. Defendant refused and advised Plaintiff to "contact Toyota".

47. Defendant refused and advised Plaintiff that Defendant "Is not a billing agency".

48. Defendant refused claiming that validating the alleged debt was "Not my responsibility".

49. Defendant falsely advised Plaintiff that is the alleged debt is paid that it will be removed from Plaintiff's credit report.

50. Despite claiming that the alleged debt will be removed from Plaintiff's credit report once paid, Defendant changed its story and later claimed that Defendant could not guarantee that the alleged debt will be removed from Plaintiff's credit report.

51. Defendant dismissed Plaintiff's concerns and requests for validation of the alleged debt.

52. Defendant insisted that Plaintiff make a decision to accept a $3,000.00 settlement otherwise Defendant would report back to TOYOTA that Plaintiff "wants all this other information" and is not willing to resolve and/or settle the alleged debt.

53. Defendant advised Plaintiff that if she wanted validation of the alleged debt that it "complicates" the situation.

54. Defendant threatened Plaintiff that if she goes through with requesting validation of the alleged debt that Defendant would refuse to settle with Plaintiff and that "there is no way" that Defendant could settle at a later time.

55. Defendant refused to "jump through hoops" to obtain validation of the alleged debt unless Plaintiff agreed to "secure" a $3,000.00 settlement via a debit or credit card for that same week.

56. Defendant threatened Plaintiff that Defendant "needs something tangible" prior to validating the alleged debt.

57. Defendant advised Defendant that TOYOTA has "made a business decision" to not provide validation of the alleged debt because TOYOTA is "a company worth millions of dollars" and that TOYOTA sends out "thousands of files" for collection.

58. In response to Plaintiff asking Defendant for a copy of the contract she signed with TOYOTA, Defendant stated "You're asking for something that makes sense and in a collection environment, it doesn't work that way".

59. Defendant advised Plaintiff that validation of the alleged debt is "more likely to get done" when payment for the $3,000.00 settlement is "guaranteed".

60. Defendant is attempting to penalize Plaintiff for requesting proof and validation of the alleged debt and further during the § 1692g period.

61. Defendant was upsetting toward and made Plaintiff nervous.

62. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT

63. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "62" herein with the same force and effect as if the same were set forth at length herein.

64. Defendant's debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

   a. <u>15 U.S.C. §1692d-preface & (6)</u>.

   b. <u>15 U.S.C. §1692e-preface, (2), (5), (6), (8), and (10)</u>.

   c. <u>15 U.S.C. §1692f-preface, (1) & (5)</u>.

   d. <u>15 U.S.C. §1692g</u>.

65. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
## TELEPHONE CONSUMER PROTECTION ACT

66. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "65" herein with the same force and effect as if the same were set forth at length herein.

67. Defendant paced non-emergency telephone calls to Plaintiff's cellular telephone

using an automated telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

### THIRD CAUSE OF ACTION
### NEW YORK STATE GENERAL BUSINESS LAW §349

68. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "67" herein with the same force and effect as if the same were set forth at length herein.

69. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

70. As a result of Defendant's above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JENNIFER ELLIOTT demands judgment from the Defendant PENTAGROUP FINANCIAL, LLC as follows:

  A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

  B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

  C. For damages, trebled, pursuant to New York General Business Law § 349;

  D. For statutory damages provided and pursuant to 47 U.S.C. § 227;

  E. For attorneys' fees, costs and disbursements;

  F. For an award of pre-judgment interest on all sums awarded and/or collected;

  G. For any such other and further relief, as well as further costs, expenses and

disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JENNIFER ELLIOTT hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

Dated:      November 28, 2012

Respectfully submitted,

**LAW OFFICES OF ALLISON POLESKY, P.C.**

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
511 Avenue of the Americas, Suite 712
New York, New York 10011
Phone: 866-479-9500 // 914-610-3207
Facsimile: 914-610-3770
Email: apolesky@poleskylaw.com
Attorney for the Plaintiff JENNIFER ELLIOTT